**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| INMATE # | | CASE NUMBER |
|---|---|---|
| 3097342 | | CV13- 642 UA (AN) |
| ODONGA K. RUSH, | PLAINTIFF(S) | |
| V. | | ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE |
| CITY OF BURBANK, | | |
| | DEFENDANT(S) | |

**IT IS ORDERED** that the complaint be filed without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____          _____
Date                                              United States Magistrate Judge

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

- [ ] Inadequate showing of indigency.
- [ ] Failure to authorize disbursements from prison trust account to pay filing fee.
- [ ] Failure to provide certified copy of trust fund statement for the last six (6) months.
- [ ] District Court lacks jurisdiction.
- [x] Frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).
- [x] Leave to amend would be futile.
- [ ] Seeks monetary relief from a defendant immune from such relief.
- [x] This denial may constitute a strike under the 'Three Strikes' provision governing the filing of prisoner suits. 28 U.S.C. § 1915(g); see O'Neal v. Price 531 F.3d 1146, 1153 (9th Cir. 2008).
- [ ] Other: _____

Comments: See page 2.

Feb. 7, 2013
Date                                              United States Magistrate Judge

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:
- [ ] **GRANTED**
- [x] **DENIED**
- [ ] **DENIED with leave to amend within 30 days**

If plaintiff does not timely submit an appropriate response to this Order, the Clerk is directed to close the case.

Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number.

2/15/13
Date                                              United States District Judge

CV-73C (04/12)          ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

Plaintiff's complaint is not signed in violation of Fed. R. Civ. P. ("Rule") 11(a) and Local Rule 11-1. In a vague and conclusory manner, Plaintiff alleges the sole defendant, the City of Burbank ("Burbank"), subjected him to "false imprisonment, racial profiling, slavery, cruel and unusual punishment, and mental anguish .... without probable cause." The gravamen of Plaintiff's supporting, non-conclusory factual allegations establish Plaintiff's claim is based upon the following facts. At an unspecified date, time, and place, an unidentified Burbank police officer approached him while he was sitting in his car at his hotel and asked Plaintiff for identification. Plaintiff gave his Florida identification card to the police officer, who ran a check for warrants and found Plaintiff had an unpaid ticket. The officer than searched Plaintiff's wallet and found a "replica" or fake California identification card and credit cards bearing the names of different people. Plaintiff was charged with identity theft and false identification. Plaintiff claims "[t]he case lasted for many months and was dismissed due to being factually insufficient." He seeks $2,000,000 in damages.

Plaintiff's complaint is frivolous, malicious, and fails to state a plausible claim for relief for the following reasons.

A local government unit such as Burbank cannot be held responsible for the acts of its employees under a respondent superior theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). Plaintiff's complaint is devoid of any specific factual allegations that show any of the alleged constitutional deprivations were the product of a Burbank policy or custom. *Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 690-91.

Plaintiff's allegations fail to show the Burbank police officer violated his Fourth Amendment rights by asking him to show some identification without probable cause. *Florida v. Bostick*, 501 U.S. 429, 434 (1991) ("[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen ...."); *Morgan v. Woessner*, 997 F.2d 1244, 1252 (9th Cir. 1993) ("[P]olice may stop a citizen for questioning at any time, so long as that citizen recognizes that he or she is free to leave[,]" and consensual exchanges are not considered "seizures" under the Fourth Amendment).

Plaintiff's allegations fail to show the Burbank police officer did not have a reasonable suspicion to stop and question Plaintiff under the circumstances. *Whren v. United States*, 517 U.S. 806, 809-10 (1996); *Haynie v. County of Los Angeles*, 339 F.3d 1071, 1075 (9th Cir. 2003) ("The Fourth Amendment requires only reasonable suspicion in the context of investigatory traffic stops.")

The Burbank police officer had probable cause to search and arrest Plaintiff for possession of a false identification and identity theft because Plaintiff's own allegations establish that he had an outstanding warrant, and because he was in possession of a fake California identification card and credit cards in the names of different people.